### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEANDRE ARNOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00063-TWP-KMB |
| | ) | |
| DENNIS REGALE, | ) | |
| | ) | |
| Respondent. | ) | |

### Order Dismissing Petition for a Writ of Habeas Corpus

This matter is before the Court on a Motion to Dismiss filed by Respondent Dennis Regale (Dkt. 6). Petitioner Keandre Arnold ("Arnold") filed this 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his Indiana conviction for attempted murder and invasion of privacy. (Dkt. 1). Respondent seeks dismissal because Arnold did not exhaust his claims. For the reasons explained below, the Motion is **granted**, and the petition is now **DISMISSED without prejudice**.

### I.     Factual and Procedural Background

On June 2, 2014, Arnold was convicted of attempted murder and invasion of privacy and was subsequently sentenced to 40 years imprisonment. Dkt. 6-1 at 5–6. On direct appeal, he challenged his sentence, and the Court of Appeals of Indiana affirmed on April 20, 2015. Dkt. 6-5 at 5. Arnold did not file a petition to transfer to the Indiana Supreme Court, which was due on May 20, 2015. Dkt. 6-2 at 5; *see* Ind. App. R. 57(C)(1) (2015) (giving 30 days after adverse decision to file petition).

On September 2, 2015, Arnold filed a petition for post-conviction relief, which he later amended. Dkt. 6-6 at 1, 8, 25. After an evidentiary hearing, the trial court denied the petition on June 29, 2023. Dkt. 6-6 at 26–27; dkt. 6-7. Arnold appealed, and his appeal is still pending. Dkt.

6-8. The Indiana Court of Appeals dismissed Arnold's appeal with prejudice on October 11, 2023, but then reinstated it on November 17, 2023. Dkt. 6-8 at 4–5. In his appellate brief, Arnold raised ineffective assistance of counsel claims. Dkt. 6-9.

On December 22, 2023, Arnold filed the instant petition for a writ of habeas corpus in this Court in which he raised ineffective assistance of counsel claims (amongst others). Dkt. 1.

Respondent moved to dismiss on February 14, 2024, arguing that the petition should be dismissed without prejudice because it contained both unexhausted and exhausted claims. Dkt. 6. Arnold filed a motion for extension of time to file an amended petition with only exhausted claims. Dkt. 9. The Court granted the motion, but warned Arnold that if he raised only the exhausted issues, he would not be able to raise his unexhausted claims in a habeas petition unless he received permission to file a successive petition from the Seventh Circuit Court of Appeals. Dkt. 10. The Court provided Arnold a deadline to (1) file an amended petition; or (2) file a motion to withdraw the current petition without prejudice. *Id.* at 1–2. The Court advised Arnold that if he failed to act by this deadline, the Court would rule on the pending motion to dismiss. *Id.* at 2. Arnold did not respond by the deadline, so the motion is ripe for ruling.

## II.     Discussion

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). In Indiana, exhaustion requires presenting the claim to the Indiana Supreme Court in a petition to transfer. *See*

*Hinesley v. Knight*, 837 F.3d 721, 735 (7th Cir. 2016) (holding claim procedurally defaulted for failure to present it in petition to transfer to the Indiana Supreme Court).

Arnold cannot obtain habeas relief on any claim until it is exhausted, unless he makes a showing that there is an absence of an available state corrective process or that such process is ineffective to protect his rights. 28 U.S.C. § 2254(b)(1). Arnold has not argued that such a process is unavailable or ineffective, and his pending appeal demonstrates the availability of the process. Accordingly, the motion to dismiss, dkt. [6], is **granted**, and the petition is dismissed without prejudice.

Finally, the Court notes that dismissal, rather than a stay, is appropriate because dismissal of this petition will not preclude Arnold from filing a timely § 2254 petition after exhausting available state-court remedies. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (when dismissal for lack of exhaustion creates substantial risk that petitioner will not be able to later file a timely petition, "district courts are to consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the petitioner has made such a request"). Judgment became final in Arnold's criminal case on May 20, 2015. He initiated state post-conviction proceedings approximately three and a half months later, on September 2, 2015. Assuming that the period was not tolled for the period the Indiana Court of Appeals dismissed his appeal, Arnold will still have about six months after post-conviction proceedings are concluded to file a timely § 2254 petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d) (providing one-year limitation period that is tolled while properly filed state post-conviction proceedings are pending). Thus, dismissal without prejudice is appropriate.

### III.     Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Arnold has not exhausted his claims in state court. The Court therefore **denies** a certificate of appealability.

### IV.     Conclusion

For the reasons stated in this Entry, the Respondent's Motion to Dismiss, dkt. [6], is **granted**, and Arnold's petition is **dismissed without prejudice** for failure to exhaust available state-court remedies. Final judgment shall now issue.

   **IT IS SO ORDERED.**

Date: 5/13/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KEANDRE ARNOLD
201948
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov